# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
October 20, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MARK WHITT,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0643** (BOR Appeal No. 2047868)
                    (Claim No. 2011004162)

**ALCAN ROLLED PRODUCTS-RAVENSWOOD, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mark Whitt, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alcan Rolled Products-Ravenswood, LLC, by James Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 21, 2013, in which the Board affirmed a November 2, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 27, 2011, decision which granted Mr. Whitt a 2% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Whitt, a millwright, was injured in the course of his employment on July 3, 2010, when he was crushed between the top rail of a man lift and a ceiling beam. His claim was held compensable for contusion of the lung without an open wound into the thorax, crushing injury of other specified sites of the trunk, and closed fracture of the lumbar vertebra. Mr. Whitt had suffered a previous injury to his lumbar spine for which he was granted a 6% permanent partial disability award.

An independent medical evaluation was performed by Marsha Bailey, M.D., on March 14, 2011. She stated that Mr. Whitt's primary complaint was pain in his left lower back. She noted a previous lumbar spine sprain/strain and diagnosed chronic lower back pain with left sciatica. She opined that Mr. Whitt's chronic lower back pain pre-dates his compensable injury by twelve years. Previous L1 and L2 fractures had long since healed and he was completely non-tender over the lower thoracic and entire lumbar spine. Dr. Bailey opined that he had reached maximum medical improvement, returned to work full-time with no restrictions on September 1, 2010, and continues to work. She placed Mr. Whitt in Category II of West Virginia Code of State Rules § 85-20-C (2006) and assessed 8% impairment. Due to pre-existing chronic lumbar pain, she apportioned 5% impairment for pre-existing factors and 3% impairment for the compensable injury.

A second independent medical evaluation was performed by Bruce Guberman, M.D., on January 3, 2012. During the evaluation, Mr. Whitt reported thoracic spine pain that had improved but was still intermittent. Dr. Guberman noted that he had suffered a previous lumbar spine sprain/strain for which he received a 6% permanent partial disability award. He diagnosed acute and chronic thoracic spine strain, post-traumatic; acute and chronic lumbosacral strain, post-traumatic with a fracture of the transverse processes of the first and second lumbar vertebra; and a history of pulmonary contusion, resolved without sequela. Dr. Guberman determined that Mr. Whitt had reached maximum medical improvement and that no further treatment was necessary. He assessed 0% impairment for the pulmonary contusion and 5% impairment for the non-compensable thoracic spine strain. For the lumbar spine, he placed Mr. Whitt in Category II of West Virginia Code of State Rules § 85-20-C and assessed 8% impairment. His combined whole person impairment recommendation was therefore 13%. It is noted that Dr. Guberman apportioned the previous 6% permanent partial disability award from the lumbar spine injury before the application of West Virginia Code of State Rules § 85-20-C.

The claims administrator granted Mr. Whitt a 2% permanent partial disability award on April 27, 2011. The Office of Judges affirmed the decision in its November 2, 2012, Order. It found that Dr. Bailey assessed a total lumbar spine impairment of 8%. She then apportioned 5% for pre-existing conditions. The Office of Judges determined that this was incorrect as Mr. Whitt had previously been granted a 6% permanent partial disability award for the lumbar spine. The Office of Judges stated that the claims administrator correctly deducted the prior 6% award from the total impairment of the lumbar spine since the pre-existing complaints were reduced to a permanent partial disability award. Dr. Guberman's report was found to be inaccurate because he incorrectly included the thoracic spine as part of his impairment rating. Mr. Whitt has never been treated for complaints regarding the thoracic spine. He was treated for contusion of the chest, but the condition had completely resolved by the time of Dr. Guberman's evaluation. The thoracic spine has also never been held as a compensable component of the claim. Lastly, Dr. Guberman incorrectly apportioned for the pre-existing lower back injury by deducting the previous impairment prior to the application of West Virginia Code of State Rules § 85-20 (2006). The Office of Judges found that Mr. Whitt was entitled to a total of 8% impairment for his lumbar spine, that he was previously awarded a 6% permanent partial disability award for his lumbar spine, and that he was therefore entitled to an additional award of 2% permanent partial disability.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its May 21, 2013, decision. We agree with the reasoning and conclusions of the Board of Review. The evidentiary record indicates Mr. Whitt has 8% lumbar spine impairment. He has previously been granted a 6% permanent partial disability award and is therefore entitled to an additional 2% permanent partial disability award.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 20, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II